IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01858 RJL |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO VACATE ENTRY OF DEFAULT AND MOTION TO DISMISS

DEFENDANT, the United States of America, by and through its attorneys and pursuant to Fed. R. Civ. P. 55(c), moves for relief from the default entered by the Clerk in this case on January 24, 2007 and an order dismissing Plaintiff's complaint.

As grounds for the motion to dismiss, the United States asserts that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.


//

//

//

//

//

//

The foregoing grounds for relief are more fully set forth and discussed in a memorandum of law served and filed herewith.

Date: February 6, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2203759.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES RADCLIFFE                    )
                                     )
            Plaintiff,               )        No. 1:06-cv-01858 RJL
                                     )
    v.                               )
                                     )
UNITED STATES,                       )
                                     )
            Defendant.               )

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO VACATE ENTRY OF DEFAULT AND MOTION TO DISMISS**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages

allegedly caused by the Internal Revenue Service ("Service") disclosing confidential

return information.  The entry of default entered against the United States should be

vacated pursuant to Fed. R. Civ. P. 55(c) and Plaintiff's complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and

failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Plaintiff's unauthorized disclosure claim relates to a notice

of federal tax lien filed by the Service.  Can Plaintiff recover under 26 U.S.C. § 7431

when his claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative

remedies available to such plaintiff" before a judgment for damages may be awarded.
26 U.S.C. § 7433(d)(1). Plaintiff has failed to meet his burden with respect to this
requirement. Because the exhaustion of administrative remedies is a prerequisite to this
type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted
by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in
section 6103, the Service is authorized to disclose return information in order to carry
out the provisions of the Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6).
Did the Service violate section 6103 by filing a notice of federal tax lien?

STATEMENT

1. <u>Introduction & background</u>.

Plaintiff filed his complaint on October 30, 2006. Plaintiff seeks to recover
damages for the disclosure of return information by Service agents, both named and
unnamed in the complaint. (Compl. ¶ 1.)

Plaintiff argues that he is the subject of ongoing collection action by the Service
and that on or about 2005, Service agents caused notices of federal tax lien to be
recorded with the "County Recorder/Register of Deeds of Denver, County, State of
Colorado." (<u>Id</u>. ¶¶ 4, 5.) Plaintiff argues that the notices of federal tax lien wrongfully
disclose tax return information, and that the disclosure has caused Plaintiff substantial
mental and emotional distress and subjected him to the possibility of identity theft. (<u>Id</u>.
¶¶ 6, 7, 8.)

2203946.1

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

Attached to Plaintiff's complaint is a notice of federal tax lien, prepared and signed on January 26, 2005, and filed with the Clerk and Recorder, Denver County, Denver, Colorado.  (Id. ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has at least $54,355 in unpaid tax liabilities for the year 1993.  (Compl., Attachment.)  The notice of federal tax lien identifies Plaintiff by name, address, and identifying number.  (Id.)

2.  Plaintiff's request for entry of default.

On January 22, 2007, Plaintiff filed a request for entry of default.  (Pltf's. Req. for Entry of Default.)  On January 24, 2007, the Clerk entered the requested default.

ARGUMENT

**I.    The Entry of Default Should be Vacated**

Under the Federal Rules of Civil Procedure a court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The good cause standard for setting aside a default entry is more flexible and lenient than the standard for setting aside a default judgment.  47 Am. Jur. 2d Judgments § 664 (2006).

In assessing the factual circumstances asserted by the parties in context of a motion to set aside an entry of default, all doubts are resolved in favor of the party

seeking relief.  47 Am. Jur. 2d Judgments § 664 (2006); Guthery v. United States,  2007 WL 259940, *1 (D.D.C. 2007).  In considering a motion to set aside entry of default, the court also takes into account the fact that default judgments are not favored by modern courts "because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing."  Guthery, 2007 WL 259940 at *1, citing, Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980).

In determining whether an entry of default should be vacated a court must balance whether: (1) the default was willful; (2) a set-aside would prejudice plaintiff; and (3) the alleged defense was meritorious.  Id.; Keegel v. Key West & Carribean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980)(also stating that allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense).  Furthermore, "when the government's default is due to a failure to plead . . . the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2702 (3d ed. 2006) (footnotes omitted).

In the instant matter, the United States did not file a responsive pleading to Plaintiff's complaint as a result of inadvertence, not defiance.  Furthermore, if the Court vacates the entry of default there is no prejudice to Plaintiff because he has the ability to adjudicate this case on the merits.  Finally, the United States has a meritorious defense to Plaintiff's complaint as this Court has recently dismissed a nearly identical complaint.  See Koerner, et al. v. United States, 2007 WL 159716 (D.D.C. 2007).

2203946.1

## II.    Standard of Review for the Motion to Dismiss

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  Lindsey v. United States, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) ("Once a defendant has moved to dismiss a case pursuant to Rue 12(b)(1), 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.'") (quoting Erby v. United States, 424 F. Sup. 2d 180, 182 (D.D.C. 2006)).  See also Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

2203946.1

1994).

### III.  Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any

officer or employee of the Internal Revenue Service recklessly or intentionally, or

by reason of negligence, disregards any provision of this title, or any regulation

promulgated under this title, such taxpayer may bring a civil action for damages

against the United States in a district court of the United States.  Except as

provided in Section 7432, such civil action shall be the exclusive remedy for

recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive

remedy" for the violation of "any provision of this title" that occurs in the course of

federal tax collection.  Id.  Congress provided only one exception to section 7433's

exclusivity, and that is section 7432.  Id.

Section 7431 was added to the Internal Revenue Code six years before section

7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

2203946.1

employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Koerner, et al. v. United States, 2007 WL 159716, at *3 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities.  Plaintiff's unauthorized disclosure claim relates to a notice of federal tax lien filed with the Clerk and Recorder of Denver County. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities.  See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098, at * 2 (D.D.C. Aug. 16, 2001) (noting that filing liens is a collection activity).

2203946.1

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

## IV.  Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the requirements of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

2203946.1

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

2203946.1

waiver of the government's sovereign immunity from suit.'" <u>Holt v. Davidson</u>, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing <u>People of Cal. ex. rel. Ervin v. Dist. Dir.</u>, 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions concerning his pursuit of administrative remedies, therefore Plaintiff has not met his burden in proving exhaustion of administrative remedies.  As a result, Plaintiff has not adequately met his burden in alleging that the United States has unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the complaint. <u>1</u>/

### V.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

---

<u>1</u>/    There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). <u>Compare</u> <u>Turner v. United States</u>, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) <u>with</u> <u>Glass v. United States</u>, 424, F. Supp. 2d 224, 227 (D.D.C. 2006).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

2203946.1

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);

see also Koerner, et al. v. United States, 2007 WL 159716, at *3 (D.D.C. 2007) ("[N]ot all

disclosures of tax return information violate § 6103.").  The Internal Revenue Code

contains a number of specific and several general exceptions to this rule of non-

disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).

2203946.1

Regulation 301.6103(k)(6)-1T(a) states:

[A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
(vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003).  See also 26 C.F.R. § 301.6323(f)-1(a)(1)

(designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure

of return information necessary to accomplish collection activities, including the...filing

of notices of federal tax liens, is exempt from the general disclosure prohibition of

Section 6103(a)."  Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal.

Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States,

972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose

tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012,

1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of

tax return information when made in notices of lien."); Opdahl v. United States, No. 98-

0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) ("Federal courts have held that

disclosure of return information in notices of levy is 'necessary to the collection activity'

and thus falls within the § 6103(k)(6) exemption.  The limited information concerning

plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the

collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted).

This Court has recently upheld this argument in a case nearly identical to the present

2203946.1

one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner, et al. v. United States, 2007 WL 159716, at *4 (D.D.C. 2007).

In the instant case, it cannot be disputed that the notices of federal tax lien were filed in connection with the official duties of the Service in attempting to collect Plaintiff's tax liabilities. Had the information not have been disclosed, Plaintiff's creditors would have no way to discover the existence of the lien. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991). The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433.

//

//

//

//

//

//

//

//

//

//

14

2203946.1

*//*

## CONCLUSION

The Court should vacate the entry of default for good cause. Furthermore, Plaintiff's exclusive remedy is found in section 7433, and therefore the complaint should be dismissed. In the alternative, Plaintiff has not exhausted his administrative remedies under the Code, and therefore the complaint should be dismissed. In the alternative, there has been no violation of section 6103, and therefore the complaint should be dismissed.

DATED: February 6, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

15

2203946.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES RADCLIFFE                    )
                                     )
          Plaintiff,                 )        No. 1:06-cv-01858 RJL
                                     )
     v.                              )
                                     )
UNITED STATES,                       )
                                     )
          Defendant.                 )

## NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are

identical to that filed in this matter:

1. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-01580 RBW

2. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-cv-01495 RBW

3. Bruce R. Travis v. United States, Civil No. 1:06-cv-01584 RCL

4. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-01617 PLF

5. Roy A. Watson v. United States, Civil No. 1:06-cv-01594 RCL

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-01525 RMU

7. Laverne & Wilma Koerner v. United States, Civil No. 1:06-cv-01633 EGS

8. Paul B. Evans v. United States, Civil No. 1:06-cv-01713 DB

9. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-01774 HHK

10. Lee F. Garvin v. United States, Civil No. 1:06-cv-01735 RBW

11. Eleanor M. Glass v. United States, Civil No. 1:06-cv-01619 ESH

12. Jack D. Thrasher v. United States, Civil No. 1:06-cv-01623 GK

13. Robert W. & Mary H. Rhodes v. United States, Civil No. 1:06-cv-01840 EGS

14. Stephen J. & Patricia Lindsey v. United States, Civil No. 1:06-cv-01409 RBW

15. Robert Powell v. United States, Civil No. 1:06-cv-01860 RJL

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-01987 RMC

17. Colby Dill v. United States, Civil No. 1:06-cv-01557 HHK

18. James O'Connor v. United States, Civil No. 1:06-cv-01891 HHK

19. Lowell Martin v. United States, Civil No. 1:06-cv-01624 JDB

20. Grant North v. United States, Civil No. 1:06-cv-01516 EGS

21. Stephan Foryan v. United States, Civil No. 1:06-cv-01947 RBW

Indeed, not only are the complaints in these cases nearly identical, but some of the

plaintiffs listed above have also filed previous complaints alleging unlawful disclosure

under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: February 6, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES RADCLIFFE                    )
                                     )
          Plaintiff,                 )          No. 1:06-cv-01858 RJL
                                     )
     v.                              )
                                     )
UNITED STATES,                       )
                                     )
          Defendant.                 )

**O R D E R**

Having considered the United States' motion to vacate entry of default and the

United States' motion to dismiss, any opposition thereto, and the entire record in this

matter, the Court concludes that the motion ought to be granted.  Accordingly, it is this

_____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to vacate entry of default be and is

GRANTED;

ORDERED that the entry of default against the United States entered on January

24, 2007, be and is VACATED;

ORDERED that the United States' motion to dismiss is GRANTED;

ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE; and it is

further

ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

CHARLES RADCLIFFE
Plaintiff *Pro Se*
8681 E. Duke Place
Denver, Colorado 80231

2203884.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01858 RJL |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO VACATE

ENTRY OF DEFAULT AND MOTION TO DISMISS, MEMORANDUM, proposed

ORDER, and NOTICE OF RELATED CASES were caused to be served upon Plaintiff *pro se*

on the 6th day of February, 2007, by depositing a copy in the United States' mail, postage

prepaid, addressed as follows:

CHARLES RADCLIFFE
Plaintiff *Pro Se*
8681 E. Duke Place
Denver, Colorado 80231


                                 /s/ Nicole M. Stoduto
                                NICOLE M. STODUTO