**RECEIVED**

MAR 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Charles Radcliffe | ) |
| | ) CASE NO.1:06-cv-01858 (RJL) |
| vs, | ) |
| | ) RESPONSE TO MOTION TO DISMISS |
| UNITED STATES | ) |
| | ) |
| | ) |
| | ) |

Defendant, by and with the assistance of counsel, is trying to use IRC § 7433 as

though it repeals § 7431. Both demonstrate knowledge, that such is not the case:

> "Section 7431 was added to the Internal Revenue Code six years before
> section 7433, and Congress must necessarily have been aware of section
> 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S.
> 19, 32 (1990) ("We assume that Congress is aware of existing law when it
> passes legislation.").

Additionally, defendant and counsel appear to be attempting to treat Plaintiff's 7431

as though it is a collection action. Defendant and counsel know very well that 7431 and

7433 are stand alone sections of the code and that they operate independently of each

other. 7431 deals with unlawful disclosure. 7433 deals with disregarding any section of

the code and/or its regulations.

The purpose of the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321, 6323, was

to fit tax liens into the priority scheme of the Uniform Commercial Code. *Pine Builders, Inc.*

*v United States* (1976, ED Va) 413 F Supp 77, 76-1 USTC  9402, 19 UCCRS 306, 37

AFTR 2d 76-1361.  Defendant and counsel admit, that the purpose of the disclosure was other than collection:

> "Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991)."

## COUNSEL'S ARGUMENT AGAINST HIS/HERSELF

Counsel argues vehemently that disclosure of confidential taxpayer information upon notices of lien is not actionable under §7431, because, in (one of) Counsel's view(s), notices of lien are collection tools. However, within Counsel's argument, he/she plainly states, "Had the information not been disclosed, Plaintiff's creditors would have no way to discover the existence of the lien." *ie:* notice of lien is a "notice" tool.

Clearly, Counsel is aware of the fact that notices of lien are NOT collection tools He/She admits and concedes no less through her affirmations and citations. Counsel soundly defeats his/her own argument by affirming such "notices" are designed to do just that; to put the public on "notice". Putting the final nail in the coffin of his/her "collection action" argument, Counsel next cites from *William E. Schrambling Accountancy Corp. v. United States, 937 F.2d at 1489*, the following:

"Indeed, the purpose of recording the lien *** is to place the public on notice of the lien."

Thus, before reaching the end of his/her very detailed diatribe, Counsel succeeds in defeating his/her own argument as to whether or not notices of lien are "collection actions".

As Counsel plainly states, and with the support of citing Schrambling, the filing of notices of lien is not a collection action. Rather, as held in Schrambling, "...the purpose of recording the lien \*\*\* is to place the public on notice of the lien."

It is well settled in the courts that §§ 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103.

While defendant and counsel attempt to use excerpts from *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490

(9th Cir. 1991), as support, the Court should note that these excerpts, if taken as presented, purport to authorize disclosing confidential information in the public domain, so that the disclosure of the confidential information in the public domain may then be excused because the confidential information is, post disclosure, in the public domain; the absurdity of this circuitous reasoning should result in the Court finding the out-of-Circuit excerpts unpersuasive. Further, such disclosure in the public domain puts the plaintiff(s)

at risk of identity theft. Thus, it appears that should the court grant defendant's motion the court, counsel and the IRS would be precipitating a scheme to promote identity theft[1].

As stated above and as a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue. This makes defendant's argument frivolous, without merit and without any basis whatsoever in law or in fact.

## SUBJECT MATTER JURISDICTION

Defendant through counsel argues that the court lacks subject matter jurisdiction. The Court is clearly aware that *subject matter* jurisdiction was verified by the Supreme Court in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny. Arbaugh was decided February 22, 2006, and preceded defendant's motion to dismiss, yet defendant, with the active assistance of counsel, presented "lack of subject matter jurisdiction" as a primary ground for dismissal, demonstrating at least minimal contempt for the findings of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240.

This Court (*Turner, etc.*) has already determined that "exhaustion" is a factual issue.

---

[1] also, counsel does not address the issue of identity theft in his/her motion, thus conceding/agreeing such disclosure in the public domain puts the plaintiff(s) at risk of identity theft. As stated above it appears that should the court grant defendant's motion the court, counsel and the IRS would be precipitating a scheme to promote identity theft.

Case 1:06-cv-01858-RJL    Document 10 .   Filed 03/22/2007    Page 5 of 9

Defendant through counsel contends that plaintiff's complaint should be dismissed upon

defendant's assertion that Plaintiff failed to plead exhaustion. However, Plaintiff was under

no obligation to so plead.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30,

2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule
> of Civil Procedure 8(a) requires simply a 'short and plain statement of the
> claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements

set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[2], and

reiterated in *Jones*.

Writing for the Court, the Chief Justice explained that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion
> must be pleaded or is an affirmative defense, is strong evidence that the
> usual practice should be followed, and the practice under the Federal Rules
> is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether

exhaustion must be pleaded. The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice
> based on perceived policy concerns. See, e.g., Leatherman v. Tarrant
> County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[3]

---

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination
was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil
Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp.
47-48.

[3] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A
federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading
requirements of Federal Rule of Civil Procedure 8(a)

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead
> exhaustion, such a result 'must be obtained by amending the Federal Rules,
> and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil
Procedure. Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to
"demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual
practice", raise such matter as an affirmative defense, and "place before the jury sufficient
proof to generate a jury instruction on the particular defense theory sought"[4], and,
notwithstanding recent cases dismissing on grounds of "failure to state a claim", the
*Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133,
reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the
> jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of
the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*; and of any
affirmative defense. *Jones.*

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the
"proper trier" of the contested "essential element" of exhaustion of "*administrative remedies
available* " as described in 7433(d)'s language; "unless the court determines" - in the

---

[4]UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel,
Levenson, Vickerson & Beneman

common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id.,

861 - calls for a determination of fact; clearly within the province of the jury.[5]

## RELATED CASES

Defendant, by and with the assistance of counsel, raised the issue that the

allegations in the instant case are similar, if not identical, to dozens of other cases filed to

this Court.  Are "general allegations", in the context of the Fed.R.Civ.P 8(a) "notice

Pleadings" Rule, as interpreted in *Conley v. Gibson*, 355 U.S. 41, and reiterated in *Jones*

*v Bock,* __ U.S. _____, (Decided: January 22, 2007) (purportedly made by a multitude of

Plaintiffs), sufficient to establish a presumption of a pattern of unlawful activity?

## DISCUSSION

Defendant, by and with the assistance of counsel, raised the issue that the

allegations in the instant case are similar, if not identical, to dozens of other cases filed to

this Court. Plaintiff, concerned only with the instant case, asserts that any alleged similarity

of allegations in other cases is irrelevant in respect of the instant case, and draws the

Court's attention to the fact that the alleged redundancy of such "general allegations",

especially in the numbers asserted by defense counsel, strongly indicates a pattern of

unlawful activity on the part of defendant's agency. As contemplated in the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5):

---

[5]    Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the
jury could, upon examination of all relevant facts, find that available remedies were not exhausted;
Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to
wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any
> pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at
> the trial on the merits." Fed.R.Civ.P 12(h)(2) (emphasis added)

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity[6], one of which occurred after the effective date of this chapter and the Acts generally complained of in the Verified Complaint in the instant case arguably include, or necessarily lead, if true, to the requisite two (2) acts listed in 18 U.S.C. § 1961(1), such as 1) extortion, in forcing Plaintiff to make financial "arrangements" to avoid attack on property, and acts indictable under Title 18, United States Code: §§ 1028, 1341, 1343, 1344, 1503, 1510, 1511, 1512, 1513, and 1951, if committed by any other person, 18 U.S.C. § 1961(3) or enterprise 18 U.S.C. § 1961(4).

If, as defendant asserted, this case is "one of over 70 known cases", is the Court not obligated to refer such apparent pattern of activity for investigation?

**WHEREFORE**, plaintiff requests that judgement be entered in his/her favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned notices and such other and further relief to which plaintiff is) entitled.

Dated _March 20 9th, 2007_



Charles Radcliffe

---

[6] As used in Title 18, Chapter 96-

(1) "racketeering activity" means (A) any act or threat involving...extortion; (B) any act which is indictable under ... title 18, United States Code: section 1028 (relating to fraud and related activity in connection with identification documents), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), sections 1581-1591 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity racketeering) ...(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens),

Charles Radcliffe v. United States
1:06-cv-01858                          Page 8 of 9 pages                Response to Motion to Dismiss
                                       not valid without all pages

copies mailed this _20th_ day of _March_, 2007, to:

NICOLE M. STODUTO, Trial Attorney, Tax Division, U.S. Department of Justice, Post Office Box 227, Washington, D.C. 20044

Charles Radcliffe

Response to Motion to Dismiss

Charles Radcliffe v. United States
1:06-cv-01858