IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01858 RJL |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS**

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On February 6, 2007, the United States filed a fully supported motion to dismiss Plaintiff's complaint.  Plaintiff has opposed the motion to dismiss on several grounds.  This reply brief addresses only those points raised in Plaintiff's opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Plaintiff's opposition.</u>  In his response, Plaintiff alleges that the United States is attempting to treat 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431.  Plaintiff further alleges that notices of federal tax lien are not collection tools and that Plaintiff was not required to plead that he exhausted his administrative remedies.  Additionally,

Plaintiff states that neither section 7431 or section 7433 address the legitimacy or validity of the underlying collection activity.

ARGUMENT

**I. The Filing of Notices of Federal Tax Liens Is a Collection Activity**

The filing of notices of federal tax liens is a collection activity.  See Evans v. United States, No. 06-1713, ___ F. Supp. 2d ___, 2007 WL 869039, at *4  (D.D.C. March 21, 2007)(stating that the filing of notices of tax lien is a collection activity); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001).  Federal tax liens arise by operation of law, after assessment of a tax, the failure to pay the same by a taxpayer, and notice and demand for payment by the Internal Revenue Service.  As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have.  United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985). Furthermore, the statute's broad application is intended to "assure the collection of [federal] taxes.  Glass City Bank v. United States, 326 U.S. 265, 267 (1945) (emphasis added).  But a federal tax lien is not valid against certain types of competing creditors

until notice of the lien is filed in conformance with 26 U.S.C. § 6323.  <u>United States v. Estate of Romani</u>, 523 U.S. 517, 517-18 (1998).  Thus, in order to preserve its position for a tax lien foreclosure suit or an administrative levy—both undeniably tax collection actions—the Internal Revenue Service must file a notice of federal tax lien.  Therefore, it cannot be gainsaid that the action of filing the notice of lien is a collection action.

### II. Although Section 7433 and Section 7431 Coexist, Plaintiff's Only Possible Avenue of Recourse Is Section 7433.

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy.  In <u>Shwarz v. United States</u>, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  <u>Shwarz v. United States</u>, 234 F.3d 428 (9th Cir. 2000).  This Court recently concurred with the holding in <u>Shwarz</u> and dismissed three complaints nearly identical to that of Plaintiff.  <u>Evans v. United States</u>, No. 06-1713, ___ F. Supp. 2d ___, 2007 WL 869039, at *4  (D.D.C. March 21, 2007); <u>Powell v. United States</u>, No. 06-1860, ___ F. Supp. 2d, 2007 WL 853129, at *1 (D.D.C. March 21, 2007); <u>Koerner v. United States</u>, No. 06-1633, ___ F. Supp. 2d ___, 2007 WL 159716, at *4 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431 nor is it arguing that the two sections do not coexist. Rather, it is the position of the United States that Plaintiff's remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433. Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.

### III. Neither Section 7433 or Section 7431 Address the Underlying Assessments and the Validity of the Lien

The United States agrees with Plaintiff that neither section 7433 or section 7431 address the underlying assessments and the validity of the lien. "[W]hether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias v. United States, 1990 WL 264722, at *5; accord, Mann v. United States, 204 F.3d at 1020 ("We … agree with *** the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd, 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United

States, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd, 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd, 849 F.2d 604 (4th Cir. 1988); cf., 26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).

### IV. Plaintiff Was Under an Obligation to Plead Exhaustion of Remedies

Plaintiff's argument that he was under no obligation to plead exhaustion of administrative remedies under the Federal Rules of Civil Procedure and section 7433 is incorrect. Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pursuant to 26 U.S.C. § 7433, "damages shall not be awarded *** unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1) (emphasis added). Plaintiff failed to comply with Fed. R. Civ. P. 8 because he failed to set forth a short and plain statement indicating that he exhausted his administrative remedies by filing a proper administrative claim for damages.

Plaintiff's argument that failure to state a claim is an affirmative defense and must be placed before the jury is also incorrect. See Fed. R. Civ. P. 8(c).

CONCLUSION

It is the position of the United States that the motion to dismiss Plaintiff's complaint should be granted.

DATE: March 30, 2007

Respectfully submitted,

/s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiff *pro se* on the 30th day of March, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

CHARLES RADCLIFFE
Plaintiff *Pro Se*
8681 E. Duke Place
Denver, Colorado 80231

      /s/ Nicole M. Stoduto
NICOLE M. STODUTO