**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CHARLES RADCLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06cv1858 (RJL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION
(April _17_, 2007) [#7]

Charles Radcliffe, *pro se*, has sued the United States pursuant to 26 U.S.C. § 7431

alleging that agents of the Internal Revenue Service ("IRS") unlawfully disclosed his

confidential tax return information when they caused notices of tax liens to be recorded

with the Register of Deeds of Denver County, Colorado.  Currently before the Court is

defendant's motion to vacate the entry of default entered against the United States and to

dismiss the complaint for, *inter alia,* lack of subject matter jurisdiction.  For the reasons

set forth below, defendant's motions is GRANTED.

## ANALYSIS

### A.  MOTION TO SET ASIDE ENTRY OF DEFAULT

On January 24, 2007, default was entered against the United States.  Defendant has

moved to set aside that entry of default pursuant to Federal Rule of Civil Procedure 55(c).

For the reasons below, the Court will set aside the entry of default.

Under Rule 55(c), a court may set aside an entry of default for good cause shown. In making this determination, Courts must consider whether the default was willful, whether a set-aside would prejudice the plaintiff, and whether the alleged defense is meritorious. *Keegel v. Key West & Carribean Trading Co.*, 636 F.2d 831 (D.C. Cir. 1980).

In the case at hand, the Government's failure to respond to the Complaint appears to be the result of inadvertence rather than willful defiance. Additionally, whatever delay was created by the Government's failure to respond was relatively slight and, therefore, the prejudice to the plaintiff limited. Finally, as noted below, the Court finds considerable merit in the alleged defense. Accordingly, the Court finds that the defendant has shown good cause to set aside the entry of default.

## B. MOTION TO DISMISS

Defendant has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) arguing, that the Court lacks subject matter jurisdiction. The Court agrees.

Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.'" *Lindsey v. United States*, 448 F.Supp.2d 37, 42 (D.D.C.2006) (quoting *Erby v. United States*, 424 F.Supp.2d 180, 182 (D.D.C.2006)). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id*. at 42-43 (alteration in original)

2

(quoting *Abu Ali v. Gonzales*, 387 F.Supp.2d 16, 17 (D.D.C.2005)).

Under 26 U.S.C. Section 6103, tax returns and return information must be kept confidential. Under Section 7431, if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information ... in violation of any provision of section 6103, such taxpayer may bring a civil action for damages." 26 U.S.C. § 7431(a) (2006).

Section 7433, also creates a private right of action against the United States if "in connection with any collection of Federal tax ... any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title." 26 U.S.C. § 7433(a) (2006). Section 7433 further provides that "[e]xcept as provided by section 7432, [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages from such actions." *Id.*

Given its exclusivity provision, it remains unclear whether Section 7433 bars suits brought under Section 7431. Although our Circuit has not addressed the issue, given the plain language of Section 7433 (which was added after Section 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the course of collection activity. *See Schwarz v. United States,* 234 F.3d 428 (9th Cir. 2000)(holding that Section 7433 was the exclusive remedy for unauthorized disclosure claims); *Koerner v. United States,* 2007 WL 159716, slip op.

(D.D.C. 2007)(holding that the court lacked subject matter jurisdiction over nearly identical claims because plaintiff had brought suit under Section 7431).

As plaintiff's claims that the IRS illegally caused notice of his tax liens to be publicly recorded and as the filing of notice of a tax lien is considered a "collection activity," *see Opdahl v. United States,* 2001 WL 1137296 (D.D.C. 2001), plaintiff has improperly brought suit under Section 7431. As a result, the Court lacks subject matter jurisdiction to hear plaintiff's claims.

Assuming, however, that plaintiff had properly brought suit under Section 7433, the Court would nonetheless dismiss the complaint for failure to exhaust available administrative remedies. Under Section 7433(d)(1) "a judgment for damages shall not be awarded...unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." In order to exhaust those administrative remedies, an aggrieved taxpayer seeking damages must send a written claim to the IRS's area director for the district in which the taxpayer lives, and such a claim must include the grounds of the claim, a description of the injuries incurred and the dollar amount of the claim. 26 C.F.R. Section 301.7433-1(e)(1)(2).

Plaintiff here has offered no evidence that he filed an administrative claim with the IRS. Accordingly, having failed to demonstrate that he exhausted his administrative remedies, he cannot now bring suit under Section 7433.

4

## CONCLUSION

Thus, for all of the reasons above, the Court finds that good cause has been shown to set aside entry of default and that the Court lacks subject matter jurisdiction over plaintiff's claim.  Accordingly, the defendant's motions to set aside entry of default and to dismiss are GRANTED.

RICHARD J. LEON
United States District Judge

5